IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREA L. HUMPHREY and<br>AMBER L. HUMPHREY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | Case No. CIV-12-463-D |
| | ) | |
| P.A.M. TRANSPORTATION<br>SERVICES, INC. and<br>ADAM HAMPTON, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## **O R D E R**

Upon review of the Notice of Removal, the Court finds insufficient factual allegations to support the assertion of federal subject matter jurisdiction under 28 U.S.C. § 1332.[1]  Defendant P.A.M. Transportation Services, Inc. filed the Notice of Removal without the joinder or consent of Defendant Adam Hampton, as required by 28 U.S.C. § 1446(b)(2)(A), based on allegations that Mr. Hampton had not been effectively served at the time of removal.  However, the Notice of Removal lacks any factual allegations that would establish the citizenship of Mr. Hampton, in order to show complete diversity of citizenship as required by § 1332(a), or that might permit his joinder as a party in the case to be disregarded.  Accordingly, the Court finds that the Notice of Removal fails to establish a basis for the exercise of federal jurisdiction.

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time.  *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

IT IS THEREFORE ORDERED that Defendant shall file an amended notice of removal to allege the existence of diversity jurisdiction not later than July 23, 2012.[2]

IT IS SO ORDERED this 6th day of July, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] The exhibits attached to the Notice of Removal need not be re-filed but may be incorporated by reference pursuant to Fed. R. Civ. P. 10(c).