IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREA L. HUMPHREY and<br>AMBER L. HUMPHREY,<br><br>    Plaintiffs,<br><br>v.<br><br>P.A.M. TRANSPORTATION SERVICES,<br>INC. and ADAM HAMPTON,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-12-463-D<br>)<br>) (Oklahoma County District Court<br>) Case No. CJ-2011-8265)<br>)<br>)<br>) |

**<u>ORDER OF REMAND</u>**

Defendant P.A.M. Transportation Services, Inc. has filed an Amended Notice of Removal, as directed by the Order of July 6, 2012. The Court ordered the amendment because the original Notice of Removal was deficient; it contained insufficient factual allegations to support the assertion of federal subject matter jurisdiction under 28 U.S.C. § 1332. In particular, it did not allege the citizenship of Defendant Adam Hampton and, thus, failed to show complete diversity of citizenship.

Upon examination of the Amended Notice of Removal, the Court again finds insufficient factual allegations to establish a basis for federal jurisdiction. Defendant P.A.M. Transportation Services, Inc. ("PAM") states that Defendant Hampton is a former employee, and essentially, it does not know his citizenship. The Amended Notice alleges only: "To [PAM's] knowledge, Hampton's last known address is Killeen, Texas." *See* Am. Notice of Removal [Doc. No. 12], ¶ 9. The citizenship of individual parties must be identified; merely alleging a place of residence is not sufficient. *See Whitelock v. Leatherman*, 460 F.2d 507, 514-15 (10th Cir. 1972).

Also, both the original Notice and the Amended Notice acknowledge that Plaintiffs filed an amended state court petition alleging damages in the amount of $74,500.00. However, Defendant

PAM alleged that the amount-in-controversy requirement was met because (a) there are two plaintiffs "and each is potentially claiming of $74,500.00;" and (b) "the future medical bills, lost wages, pain and permanent disability claimed by both Plaintiffs certainly places the amount in controversy in excess of $75,000.00." *See* Notice of Removal [Doc. No. 1], ¶ 10; Am. Notice of Removal [Doc. No. 12], ¶ 11. Plaintiffs have filed a response to the Amended Notice, stating: "Plaintiffs stipulate that their damages are $75,000 or less." *See* Pls.' Resp. Am. Notice [Doc. No. 13]. Based on the stipulation, Plaintiffs request that the action be remanded to state court. In reply, Defendant PAM provides a statement of Plaintiffs' counsel that "[t]heir individual claims" are less than the jurisdictional amount; from this, Defendant asserts that "Plaintiffs have admitted both of their claims for damages combined are not less than $75,000.00, which places the amount in controversy in excess of $75,000.00." *See* Def. PAM's Reply Br. [Doc. No. 15], ¶ 5.

Defendant PAM appears to believe that the claims of multiple plaintiffs can be aggregated to determine the amount in controversy. This is incorrect. In cases involving multiple plaintiffs, "each plaintiff . . . must individually satisfy the amount in controversy requirement" of § 1332(a). *See Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). Individual plaintiffs' claims "may be aggregated to meet the amount in controversy requirement only when they unite to enforce a single title or right in which they have a common and undivided interest." *Id.* (internal quotation and footnote omitted). In this case, Plaintiffs have joined their claims in a single action because both claim to have been injured in the same motor vehicle collision; they are asserting independent, and not common, rights and interests. Accordingly, aggregation is not permitted, and the Amended Notice fails to allege facts to establish the requisite amount in controversy.

Of course, a plaintiff cannot defeat federal jurisdiction by stipulating to an amount below the jurisdictional requirement after a removal has occurred. According to the Supreme Court, "events

occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *See St. Paul Mercury Indemnity Co. v. Red Cap Co.*, 303 U.S. 283, 293 (1938). The question remains whether it is "legally certain" based on the factual allegations of Plaintiffs' state court pleading and the Notice of Removal "that less than $75,000 is at stake." *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008). Neither Plaintiffs' amended petition nor Defendant PAM's Amended Notice provides sufficient factual allegations to permit a determination of this issue. Defendant PAM relies solely on the fact that both Plaintiffs seek damages for past and future medical bills, past and future lost wages, past and future pain, and permanent disability. However, no facts are alleged concerning the nature of Plaintiffs' injuries or losses to permit an economic analysis of either Plaintiff's negligence claim. Under these circumstances, a remand for lack of subject matter jurisdiction is warranted. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 874 (10th Cir. 1995); *see also Oklahoma Farm Bureau Mut. Ins. Co. V. JSSJ Corp.*, 149 F. App'x 775, 778 (10th Cir. 2005) (upholding fee award based on failure of removing defendant to provide sufficient factual allegations to establish amount in controversy).[1]

IT IS THEREFORE ORDERED that the case is REMANDED to the District Court of Oklahoma County, Oklahoma.

IT IS SO ORDERED this 2nd day of August, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.